NO. 24-13501-J

---

IN THE UNITED STATES DISTRICT COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

---

ARZAAN FOOD MART, LLC,

Appellant,

v.

GEOFFREY WANJOHI
and TERESA PEREZ LOPEZ,

Appellees.

---

APPEAL FROM
The United States District Court for the Northern District of Alabama,
Southern Division
No. 2:21-cv-00742-SGC

---

BRIEF OF THE APPELLANT
ARZAAN FOOD MART, LLC

---

Scott A. Gilliland
400 Vestavia Parkway, Suite 306
Vestavia Hills, AL 35216
(205) 978-8800

Attorney for Appellant
Arzaan Food Mart, LLC

NO. 24-13501-J
*Arzaan v. Wanjohi*

## CERTIFICATE OF INTERESTED PERSONS and
## CORPORATE DISCLOSURE STATEMENT

NOW COMES Arzaan Food Mart, LLC, pursuant to 11ᵗʰ Cir. R. 26-1-1(a) and submits this Certificate of Interested Persons and Corporate Disclosure Statement:

Arzaan Food Mart, LLC, Appellant;

Calamusa, Rocco, Jr., Counsel for Appellees;

Cornelius, Hon. Staci G., Magistrate Judge for The United States District Court for the Northern District of Alabama;

Gilliland, Scott, Counsel for Appellant;

Jent, Kevin W., Counsel for Appellees;

Lopez, Teresa Perez;

Wanjohi, Geoffrey; and

Wiggins Childs Patazis Fisher & Goldfarb LLC, Counsel for Appellees

There is no corporate parent of Arzaan Food Mart, LLC, and no publicly held corporation has any ownership interest in Arzaan Food Mart, LLC.

**NO. 24-13501-J**
*Arzaan v.  Wanjohi*

# STATEMENT REGARDING ORAL ARGUMENT

No oral argument requested.

**NO. 24-13501-J**
*Arzaan v. Wanjohi*

# TABLE OF CONTENTS

Certificate of Interested Persons and Corporate Disclosure Statement . . . . . . . . C-1

Statement Regarding Oral Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

Table of Contents . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

Table of Citations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iv

Jurisdictional Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v

Statement of the Issues . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

Statement of the Case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

Summary of the Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

Argument . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

I.      The District Court Committed Reversible Error By Finding Arzaan Jointly And Severally Liable For Wanjohi's Unpaid Overtime In The Absence Of Evidence Relevant To The Typical Eight-Factor Test For Joint Employment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

II.    The District Court Committed Reversible Error By Holding Arzaan Jointly And Severally Liable For Overtime Worked Prior to May 2020 and After September 2020. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

III.   The District Court Abused Its Discretion By Ordering Arzaan To Pay Wanjohi Liquidated Damages. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

**NO. 24-13501-J**
*Arzaan v. Wanjohi*

Certificate of Compliance. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

Certificate of Service . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

iii

NO. 24-13501-J
*Arzaan v. Wanjohi*

## TABLE OF CITATIONS

**Cases**                                                          **Page(s)**

Bonette v. Cal. Health & Welfare Agency, 704 F.2d 1465 (9th Cir. 1983) . . . . . . . 6

Celotex Corp v. Catrett, 477 US. 317, 322 (1986) . . . . . . . . . . . . . . . . . . . . . . . . . 9

Dybach v. State of Fla. Dep't of Cor., 942 F.2d 1562, 1566 (11th Cir. 1991) . . . . 12

Freund v. Hi-TechSatellite, Inc., 185 F. App'x 782, 783 (11th Cir. 2006) . . . . . . . 5

Layton v. DHL Express (USA), Inc., 686 F.3d 1172, 1175 (11th Cir. 2012) . . . . . 6

Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008)
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

Usery v. Pilgrim Equip. Co., 527 F.2d 1308, 1311 (5th Cir. 1976) . . . . . . . . . . . . 5

Villarreal v. Woodham, 113 F.3d 202, 205 (11th Cir. 1997) . . . . . . . . . . . . . . . . . 5

**Statutes**

28 U.S.C. 1291 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v
29 U.S.C. 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . v, 2
29 U.S.C. 203(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
29 U.S.C. 203(g) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

iv

NO. 24-13501-J
*Arzaan v. Wanjohi*

## JURISDICTIONAL STATEMENT

Plaintiffs Geoffrey Wanjohi and Teresa Perez Lopez filed this action against Pioneer Investment & Development and Arzaan Food Mart, LLC. Wanjohi and Perez allege they were denied overtime compensation for hours worked in excess of 40 hours per week in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq.

This Honorable Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

On September 30, 2024, the District Court entered a judgment in favor of Geoffrey Wanjohi against Arzaan Food Mart, LLC.

On October 27, 2024, the Appellant filed a notice of appeal.

This appeal is from a final judgment that disposes of all parties' claims.

v

**NO. 24-13501-J**
*Arzaan v. Wanjohi*

## STATEMENT OF THE ISSUES

I.      The District Court Committed Reversible Error By Finding Arzaan Jointly And Severally Liable For Wanjohi's Unpaid Overtime And Liquidated Damages In The Absence of Evidence Relevant To The Typical Eight-Factor Test For Joint Employment.

II.     The District Court Committed Reversible Error By Holding Arzaan Jointly And Severally Liable For Overtime Worked Prior to May 2020 And After September 2020.

III.    The District Court Abused Its Discretion By Ordering Arzaan To Pay Wanjohi Liquidated Damages

1

NO. 24-13501-J
*Arzaan v. Wanjohi*

## STATEMENT OF THE CASE

Geoffrey Wanjohi (hereinafter "Wanjohi") initiated this action against Pioneer Investment & Development (hereinafter "Pioneer") alleging violations of the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (FLSA). (Doc. 1). Wanjohi subsequently filed and amended complaint adding Teresa Perez Lopez (hereinafter "Lopez") as a plaintiff. (Doc. 5). Plaintiffs later filed a second amended complaint adding Arzaan Food Mart, LLC, (hereinafter "Arzaan") as a defendant. (Doc. 11).

After discovery, Wanjohi and Lopez filed joint motions for summary judgment against both defendants and Arzaan sought defensive summary judgment against both plaintiffs. (Docs. 31-33 and 35-43).

On September 30, 2024, the District Court granted summary judgment in favor of Wanjohi and Lopez against Pioneer. The District Court held that Lopez is entitled to recover $12,969.64 in unpaid overtime and liquidated damaged from Pioneer. Arzaan's motion for summary judgment was granted as to Lopez. Wanjohi's motion for summary judgment was granted, in part, as to Arzaan. The District Court held that Wanjohi is entitled to $69,347.88 in unpaid overtime and liquidated damages; of that total, the District Court determined Pioneer and Arzaan are jointly and severally

2

NO. 24-13501-J
*Arzaan v. Wanjohi*

liable for $27,961.86, while Pioneer is solely liable for $41,386.02. (Doc. 72, p. 21).

On October 27, 2024, the Appellant filed a notice of appeal. (Doc. 78)

## SUMMARY OF THE ARGUMENT

The District Court noted that there was insufficient evidence in the record to support a finding that Pioneer and Arzaan were joint employers. (Doc. 72, p. 20:5). Nonetheless, the District Court found Arzaan jointly and severally liable for the unpaid overtime earned by Wanjohi for the benefit of Pioneer during the entire year of 2020. This is reversible error.

Pioneer operated two convenience stores in Tuscaloosa, Alabama. Wanjohi worked for Pioneer at the McFarland Boulevard location from March 2017 until Wanjohi left Pioneer in January 2021. (Doc. 72 at 5). According to Wanjohi's damages list, the only overtime compensation to which he claims entitlement was from hours he worked at the McFarland Store. (Doc. 72 at 19:4) Wanjohi typically paid himself out of the cash register at the McFarland Boulevard location. (Doc. 72 at 7).

Arzaan operated a convenience store in Sylacauga Alabama. Wanjohi never spoke to anyone at Arzaan about working for Arzaan, never went to work at an

NO. 24-13501-J
*Arzaan v. Wanjohi*

Arzaan location, and never received a paycheck from Arzaan.  Arzaan's payroll records did list Wanjohi as an "employee" of Arzaan from May 2020 through September 2020. (Doc. 40-1; Doc. 36-37 at 14; See Doc. 36-35 at 17).  This designation does not *ipso facto* make Wanjohi an "employee" or Arzaan an "employer" as defined by the Fair Labor Standards Act.

Wanjohi also received a W-2 showing Arzaan paid him $5,220.00 in wages during 2020. (Doc. 36-30 at 25).  However, it is undisputed that Wanjohi was never actually compensated by Arzaan for any work, much less work performed at Pioneer.  Likewise, there is insufficient evidence to support a finding that Wanjohi ever performed any work for the benefit of Arzaan, much less overtime.  Accordingly, Wanjohi was not entitled to summary judgment in his favor as to Arzaan.

Assuming, *arguendo*, Arzaan is jointly and severally liable for overtime earned by Wanjohi for the benefit of Pioneer for "an overlapping period in 2020", Arzaan would only be responsible for overtime earned for the benefit of Pioneer from May 2020 through September 2020.  The District Court held Arzaan liable for overtime earned solely for the benefit of Pioneer prior to May 2020 and after September 2020.  This is reversible error.

4

NO. 24-13501-J
*Arzaan v.  Wanjohi*

## ARGUMENT

To state a claim for failure to pay minimum (or overtime) wages under the FLSA, a plaintiff must demonstrate that (1) he is employed by the defendant, (2) the defendant engaged in interstate commerce, and (3) the defendant failed to pay him minimum or overtime wages. See <u>Morgan v. Family Dollar Stores, Inc.</u>, 551F.3d 1233, 1277 n.68 (11th Cir.2008).  Under the FLSA, an employee is "any individual employed by an employer." 29U.S.C. § 203(e)(1). To be "employed" includes when an employer" suffer[s] or permit[s] [the employee] to work." 29 U.S.C. § 203(g).  To determine if an individual is an employee, "we look at the 'economic reality' of all the circumstances" surrounding the activity. We refer to this test as the "economic reality" test.  <u>Villarreal v. Woodham,</u>, 113F.3d 202, 205 (11thCir.1997).  The **<u>reality</u>** in this case is Wanjohi never received any economic benefit from Arzaan.

The touchstone of the economic reality test is the alleged employee's economic dependence on the employer. <u>Freund v. Hi-TechSatellite, Inc.</u>, 185 F. App'x 782, 783 (11th Cir. 2006) (citing <u>Usery v. Pilgrim Equip. Co.</u>,527 F.2d 1308, 1311 (5thCir. 1976)). "[T]he final and determinative question must be whether . . . the personnel are so dependent upon the business with which they are connected that they come within

NO. 24-13501-J
*Arzaan v. Wanjohi*

the protection of the FLSA or are sufficiently independent to lie outside its ambit."

Usery, 527F.2d at1311–12 (5thCir. 1976). In Villarreal v. Woodham, the 11th Circuit

said that the economic reality test asks "whether the alleged employer (1) had the

power to hire and fire the employees, (2) supervised and controlled employee work

schedules or conditions of employment, (3) determined the rate and method of

payment, and (4) maintained employment records." 113 F.3d at 205 (quoting Bonette

v. Cal. Health &Welfare Agency, 704 F.2d 1465, 1470 (9th Cir. 1983)).

Under the FLSA, a person may have more than one employer as a matter of

economic reality. Layton v. DHL Express (USA), Inc., 686 F.3d 1172 (11th Cir.

2012). Whether there is "joint employment . . . depends upon all of the facts in the

particular case. Id. (Internal quotation marks omitted). The Eleventh Circuit has

developed an eight factor test that is guided by five principles for evaluating whether

an employment relationship exists under the Act. Id. at 1176-77.

Those five principles that have guided our use of the factors are as follows.

"First, the question . . . is not whether the worker is more economically dependent on

the independent contractor or the alleged employer with the winner avoiding

responsibility as an employer;" rather, "the focus . . . must be on each employment

NO. 24-13501-J
*Arzaan v. Wanjohi*

relationship . . . between the worker and the . . . asserted . . . joint employer." Id. at 1177 (internal quotation marks omitted)(alteration adopted).  Second, no factor controls the outcome. Id.  Third, because the factors "are indicators of economic dependence[,] . . . the weight of each factor depends on" how probative the factor is of the worker's economic dependence on the asserted joint employer. Id. (internal quotation marks omitted).  Fourth, we do not tally the factors up in a mathematical formula to determine the outcome. Id. at 1178 (internal quotation marks omitted). Rather, "[t]he purpose of weighing the factors is not to place each in either the contractor or the [alleged employer's] column, but to view them qualitatively to assess the evidence of economic dependence, which may point to both." Id. at 1176. Fifth, we must focus on economic dependence and not the common law of employment.  Id. at 1178.

With these principles in mind, we turn to the eight factors.  First, we look to "[t]he nature and control of the workers."  Id. at 1176 (internal quotation marks omitted.  Second, we evaluate "[t]he degree of supervision, direct or indirect of the work." Id. (internal quotation marks omitted).  Third, we examine "[t]he power to determine the pay rates or the methods of payment of the workers." Id. (internal

7

NO. 24-13501-J
*Arzaan v.  Wanjohi*

quotation marks omitted.)  Fourth, we determine whether the asserted joint employer has "[t]he right, directly or indirectly, to hire, fire, or modify the employment condition of the workers." Id. (internal quotation marks omitted).  Fifth, we consider whether the asserted joint employer "[p]repar[es] [the] payroll and . . . payment of wages." Id. (internal quotation marks omitted).  Sixth, we consider the "ownership of the facilities where work occured." Id.  Seventh, we consider whether the worker "perform[s] . . . a specialty job integral to the [asserted joint employer's] business." Id.  Finally, we "evaluate the relative investments" of the asserted joint employer "in equipment and facilities" used by the workers. Id.

I.    **The District Court Committed Reversible Error By Finding Arzaan Jointly And Severally Liable For Wanjohi's Unpaid Overtime And Liquidated Damages In The Absence of Evidence Relevant To The Typical Eight-Factor Test For Joint Employment.**

The District Court found that "the record does not include much evidence relevant to the typical eight-factor test for joint employment." Nonetheless, the District Court held that "the 'economic reality' here is that Wanjohi was dependent on both Pioneer and Arzaan for overlapping periods in 2020."  (Doc. 72, page 20:5.) However, **the reality** is, Wanjohi was never suffered to work for the benefit of Arzaan and never actually received any compensation from Arzaan at any time.

8

NO. 24-13501-J
*Arzaan v. Wanjohi*

The District Court determined that "Arzaan paid Wanjohi for work he performed at Pioneer's McFarland Store." (Doc. 72, page 20:8) However, the District Court does not make any citation to the record to support this proposition. In fact, it is undisputed that Wanjohi paid himself for all work performed by Wanjohi out of the register at the McFarland Store owned and operated by Pioneer. (Doc. 36-24 at 13; Doc 36-28 at 7, 9-10; Doc. 72, p. 7:2)

It is undisputed that Geoffrey Wanjohi worked for Pioneer at the McFarland Boulevard location from March 2017 until he left in January 2021. (Doc. 36-28 at 6; Doc. 36-24 at 8, 20; Doc. 72 at 5:3) It is also undisputed that Wanjohi typically paid himself, Lopez, and other Pioneer employees from the cash register of the McFarland Store leased and operated by Pioneer. (Doc. 36-24 at 13; Doc 36-28 at 7, 9-10; Doc. 72, p. 7:2)

It is undisputed that Wanjohi never spoke to anyone at Arzaan about working for Arzaan, never went to work at an Arzaan location, and never received a paycheck from Arzaan. Arzaan's payroll records do list Wanjohi as an employee of Arzaan from May 2020 through September 2020. (Doc. 40-1; Doc. 36-37 at 14; See Doc. 36-35 at 17). Wanjohi also received a W-2 showing Arzaan paid Wanjohi $5,220.00 in

NO. 24-13501-J
*Arzaan v. Wanjohi*

wages during 2020. (Doc. 36-30 at 25).[1]  However, it is undisputed that Wanjohi was

never actually compensated by Arzaan for any work, much less work performed at

Pioneer.  Likewise, there is no evidence that Wanjohi ever performed any work for

the benefit of Arzaan, much less overtime.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is

proper "if the pleadings, depositions, answers to interrogatories, and admissions on

file, together with the affidavits, if any, show that there is no genuine issue at to any

material fact and that the moving party is entitled to a judgment as a matter of law."

Celotex Corp v. Catrett, 477 U.S. 317, 322 (1986).  The party asking for summary

judgment always bears the initial responsibility of informing the court of the basis for

its motion and identifying those portions of the pleadings or filings which it believes

demonstrate the absence of a genuine issue of material fact.  Id. at 323.

In the absence of sufficient evidence to support a finding that (a) Wanjohi was

suffered to work overtime for the benefit of Arzaan or (b) Arzaan and Pioneer were

joint employers and/or engaged in an integrated enterprise, Arzaan was and is entitled

---

[1]Pioneer and Arzaan both used Profitablity Squared to prepare payroll and tax records.   The W-2 at issue was prepared and issued by Profitability Squared. (Doc. 36-30 at 8; Doc. 72 at 7.)

NO. 24-13501-J
*Arzaan v. Wanjohi*

to a judgment in favor of Arzaan as to Wanjohi's claims against Arzaan. Accordingly, the District Court committed reversible by granting summary judgment in favor of Wanjohi.

## II.    The District Court Committed Reversible Error By Holding Arzaan Jointly And Severally Liable For Overtime Worked Prior to May 2020 And After September 2020.

The District Court entered an order finding Arzaan jointly and severally liable for Wanjohi's unpaid overtime for the entire year of 2020 and finding Arzaan liable for liquidated damages equal to Wanjohi's unpaid overtime for the entire year of 2020 totalling $27,961.86. (Doc. 72, page 20:10 and 21:3.) This is clear error.

The District Court found that "[t]he same record that establishes Wanjohi's total unpaid overtime damages also demonstrates to a sum certain his unpaid overtime in 2020: $13,980.93." (Doc. 72 at 20:14) This amounts to $1,165.08 per month. Assuming, *arguendo*, Arzaan is jointly and severally liable for overtime Wanjohi worked for the benefit of Pioneer from May 2020 through September 2020, this amount totals $5,825.39, plus liquidated damages in the amount of $5,825.39 for a total $11,650.78. Arzaan would not be liable for any additional overtime worked prior to May 2020 or after September 2020. Accordingly, the District Court

11

NO. 24-13501-J
*Arzaan v. Wanjohi*

committed reversible error by holding Arzaan jointly and severally liable for any

overtime worked by Wanjohi prior to May 2020 and after September 2020.

## III.    The District Court Abused Its Discretion By Ordering Arzaan To Pay Wanjohi Liquidated Damages.

The District Court held that Arzaan made no attempt to show it acted in good

faith and, thus, entered a judgment against Arzaan in favor of Wanjohi for liquidated

damages.  This is reversible error.

The FLSA provides for liquidated damages equal to the amount of unpaid

overtime.  29 U.S.C. §216(b).  However, if the defendant can show it acted in good

faith, the court has discretion to withhold the liquidated damages. 29 U.S.C. §216(b).

The good faith inquiry has both an objective and subjective component.  Dybach v.

State of Fla. Dep't. of Corr., 942 F.2d 1562, 1566 (11th Cir. 1991).  To satisfy the

subjective component, an employer bears the burden of proving it had "an honest

intention to ascertain what the FLSA requires and to act in accordance with it." Id.

(alterations incorporated; punctuation omitted)

It is undisputed that Wanjohi and Lopez were both employed by Pioneer.

Wanjohi and Lopez both worked at Pioneer's McFarland Boulevard location.

Wanjohi worked as direct Lopez's direct supervisor.  Wanjohi paid Lopez and

12

NO. 24-13501-J
*Arzaan v. Wanjohi*

himself out of the cash register at the McFarland Boulevard location. Neither Wanjohi nor Lopez ever worked at an Arzaan location. Neither Wanjohi nor Lopez ever performed any work for the benefit of Arzaan nor received any economic benefit from Arzaan. Lastly, Arzaan was granted summary judgement as to Lopez's claim(s). Accordingly, Arzaan has demonstrated that it acted in good faith with regard to Wanjohi and Lopez.

## CONCLUSION

WHEREFORE, the judgement of the District Court is due to be reversed with judgment to be rendered in favor of the Appellant or, in the alternative, this matter is due to be remanded to the trial court to be set for trial on the merits.

Date: December 8, 2024

Scott A. Gilliland

*s/Scott A. Gilliland*
Attorney for Appellant
Arzaan Food Mart, LLC

NO. 24-13501-J
*Arzaan v. Wanjohi*

# CERTIFICATE OF COMPLIANCE

I hereby certify that the Appellant's initial brief complies with the type volume limitation of 13,000 words in that Appellants's initial brief consists of 3,197 words typed in Times New Roman with a font size of 14.

*s/Scott A. Gilliland*

14

NO. 24-13501-J
*Arzaan v. Wanjohi*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been served

on all counsel of record for Appellees on this 8th day of December, 2024, via the

electronic filing system, as follows:

Mr. Rocco Calamusa, Jr.
301 19th Street North
Birmingham, AL 35203

Mr. Kevin W. Jent
301 19th Street North
Birmingham, AL 35203

*s/Scott A. Gilliland*